147 So. 29

## WRIGHT & ANDERSON v. MICHELE.

### No. 31371.

#### Jan. 3, 1933.

Rehearing Denied March 27, 1933.

J. H. Inman, of Ponchatula, for appellants Wm. J. and Jacob Shafferkotter and Anthony J. Mackel.

Rownd & Warner, of Hammond, for appellees Wright & Anderson and Ambrose D. Warner, Jr.

ST. PAUL, Justice.

This case comes to us on the pleadings only. The facts here stated are merely the allegations made by parties, and may not be the actual facts disclosed by the evidence when the case is tried on the merits. Thus the appeal presents only questions of law.

### I.

On November 17, 1924, Modeste Michele mortgaged to Wright & Anderson two certain tracts of land to secure the sum of $772, with interest, attorneys' fees, and costs. The mortgage contained the usual confession of judg·ment and pact de non alienando.

Michele sold the property to a party who failed to pay the taxes thereon for the year 1927.

On May 31, 1928, the property was sold for said taxes, and Wright & Anderson became the purchasers. (Conveyance Bk. 119, p. 586.)

Thereafter, to wit, on June 19, 1928, Wright & Anderson took out executory proceedings (foreclosed) under their mortgage; and on September 22, 1928, the property was offered for sale by the sheriff and adjudicated to William J. Shafferkotter et al. for $4,500; the sheriff procès verbal reciting that said Shafferkotter et al., "having complied with the terms of sale, and paid the cost of this suit in cash, (receipt of which is hereby acknowledged), being creditors against the property herein sold, retain the amount of the adjudication in their hands"; meaning that the adjudicatees, after paying the costs in cash, retained in their hands the balance of the price of adjudication as "creditors against the property." The foreclosing creditor *apparently* received nothing.

The sheriff's procès verbal is *dated* the same day as the adjudication (September 22, 1928), but was not *recorded* until January 31, 1930. It makes mention of the fact that a *mortgage certificate* from the Clerk of Court, ex officio recorder, was produced and read at the sale, but does not state the contents thereof; nor does that certificate appear anywhere in this record.

Some time *after* the adjudication, but *before* the recording of the procès verbal thereof (date not ascertainable from this record), Wright & Anderson, holder of the tax deed above mentioned, sold the property to Am-

brose D. Warner, Jr., for $75. (Deed recorded in Conveyance Book 124, p. 160.)

Thereafter, to wit, on January 14, 1930, there was some correction made of the description given in the sheriff's deed, and same was then recorded, as aforesaid, on January 31, 1930. (Conveyance Book 126, p. 297.)

## II.

On March 7, 1930, Shafferkotter et al. applied for and obtained from the clerk of court a writ of possession, directing that they be put in physical possession of the property.

Thereupon Ambrose D. Warner, Jr., aforesaid, claiming to be the owner of said property, by virtue of the tax sale to Wright & Anderson and the sale by them to him, sued for an injunction to prevent the sheriff from proceeding further with the *writ* of possession.

## III.

To this prayer for an injunction Shafferkotter et al. answered, setting up (in substance, and omitting details) these defenses:

(a) That the sale by Wright & Anderson to Ambrose D. Warner, Jr., is a mere fraudulent simulation intended to cover the interest of said Wright & Anderson and escape their obligation of warranty, as plaintiffs in the executory proceeding, to deliver the property sold and not to disturb the purchaser by their own personal acts; and that accordingly plaintiff in injunction is not the owner of the property or interested in any way therein.

(b) That the tax sale to Wright & Anderson was itself fraudulent and void for the reason that, after spirited bidding as to the least portion of said property which any one would buy for the taxes with interest and

costs, Wright & Anderson, through their representative, caused said property to be withdrawn from sale by offering to pay the amount of said taxes, etc., but were afterwards fraudulently given a tax deed to the property.

(c) That at the time of the foreclosure sale Wright & Anderson, through their attorneys, and Shafferkotter et al., the prospective purchaser, discussed said tax sale and the amount of the mortgages resting on the property; and the prospective purchasers were assured that, if they would bid a sufficient amount to cover all prior mortgages and the amount due Wright & Anderson, the property would be deeded to them free of the tax sale, which had been taken merely to protect the mortgage then being foreclosed upon. Which last defense, however, seems to be a sort of two-edged sword, cutting both ways; for Shafferkotter et al. may have *bid* sufficient to cover all the mortgages on the property, but *apparently*, as we said before, they have not yet *paid* the mortgage foreclosed upon.

And they prayed for appropriate relief.

### IV.

In the same answer, to wit, in the answer to the petition for injunction filed by A. D. Warner, Jr., Shafferkotter et al. called Wright & Anderson in warranty, and prayed, if their defenses against Warner, Jr., be not sustained, that they be condemned to restore the price of adjudication, with interest (which, as aforesaid, was apparently never paid).

### V.

■ Wright & Anderson first excepted to the service made upon them, but waived it by

moving to strike out the call in warranty as showing no cause of action. The motion was overruled.

They then moved that Shafferkotter et al. be compelled to *elect* whether they would stand on a petitory action, a possessory action, or an action of slander of title.

Ambrose D. Warner, Jr., the plaintiff in injunction, filed a similar motion to *elect*.

Whereupon, "the court having heretofore ordered and required the *plaintiffs in rule for possession*, defendants in rule for injunction, to elect whether they would proceed under the petitory action, the possessory action, or the action for slander of title," and they having declined to elect, the court "dismissed *the suit* of said plaintiffs in rule for possession, defendants in rule for injunction."

From which judgment Shafferkotter et al. have taken an appeal.

### VI.

■ There is no *rule for possession* pending before the court; for the sheriff already had in his hands *a writ of possession* which he will execute, unless enjoined.

There is only *a rule for injunction* pending, in which Shafferkotter et al. are defendants. They are not *plaintiffs* in any proceeding pending between them and Warner; *they* are merely defending themselves, and their defenses, as above set forth, whether well founded or wholly unfounded, are not inconsistent.

There is neither petitory nor possessory action, nor slander of title involved in the proceedings, and therefore no occasion to elect between them.

The judgment ordering Shafferkotter et al. to "elect" is therefore erroneous, and must be reversed, and the case remanded for further proceedings according to law.

### Decree.

The judgment appealed from is therefore reversed, and the case remanded for further proceedings according to law.